UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE HINDLEY, fdba SONOMA PROSTHETIC EYES,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>    Defendants. | Case No. 15-cv-01973-MEJ<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 37 |

## INTRODUCTION

Plaintiff Julie Hindley, fdba Sonoma Prosthetic Eyes ("Plaintiff") brings this Complaint related to the decision to revoke her participation in the Medicare program as a durable medical equipment supplier. Third Am. Compl. ("TAC") at 1, Dkt. No. 36. Pending before the Court is Defendants Sylvia Mathews Burwell, in her capacity as Secretary of the United States Department of Health and Human Services ("the Secretary"), The Centers for Medicare and Medicaid Services ("CMS"), National Supplier Clearinghouse ("NSC"), and Palmetto GBA's (collectively, "Defendants") Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and failure to state a claim upon which relief can be granted under Rule 12(b)(6). Dkt. No. 37. The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 17, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' Motion for the following reasons.

# BACKGROUND

## A. Factual Background

Plaintiff is a durable medical equipment supplier whose enrollment in the Medicare program was revoked for failure to comply with mandatory program standards. Plaintiff has filed three previous complaints in this matter, and the Court recently dismissed Plaintiff's Second Amended Complaint ("SAC") for lack of subject matter jurisdiction. *See* Order Re: Mot. to Dismiss ("MTD Order") at 16, Dkt. No. 35. The MTD Order details the core factual background of this matter, including the Medicare Program, the role of Medicare Integrity Program Contractors in reviewing the activities of durable medical equipment suppliers like Plaintiff within the Medicare Program, the relevant regulatory requirements governing such suppliers, and the administrative appeals processes available to suppliers who, like Plaintiff, lose their billing privileges within the Medicare Program. *Id.* at 1-4. The MTD Order also summarizes the events leading to Plaintiff's revocation, as well as the decisions upholding Plaintiff's revocation at each step of the appeals process, including the decision by the appellate division of the Department of Health and Human Services' Departmental Appeals Board ("DAB"). *Id.* at 4-5. The DAB upheld the revocation of Plaintiff's Medicare billing privileges on the basis of Plaintiff's noncompliance with 42 C.F.R. § 424.57(c)(7)(i)(D) (requiring the supplier to post hours of operation). *Id.* at 5. The DAB decision is the final, appealable decision of the Secretary, subject to judicial review pursuant to 42 U.S.C. § 405(g). *Id.* The MTD Order also notes that Plaintiff's two-year ban on re-applying to the Medicare Program expired on November 27, 2015. *Id.*

## B. Procedural Background

On May 1, 2015, Plaintiff filed a Complaint in this Court, naming as Defendants the Department of Health and Human Services, CMS, NSC, and Carolyn Colvin, the Commissioner of Social Security. Dkt. No. 1. Plaintiff sought review of the decision of the DAB pursuant to 42 U.S.C. § 405(g). On August 13, 2015, Plaintiff filed a First Amended Complaint ("FAC"), adding several additional Defendants, including Bruce W. Hughes (President of Celerian Group[1]), and Joe

---

[1] Celerian Group is the marketing name for a group of companies including Palmetto GBA, LLC, which holds the applicable contract with CMS. MTD Order at 2 n.1.

Johnson (President of Palmetto GBA). Dkt. No. 8. On October 1, 2015, Plaintiff filed the SAC, which did not re-name Bruce W. Hughes or Joe Johnson, but alleged three causes of action against the remaining Defendants: (1) a Fifth Amendment Takings Claim (SAC ¶¶ 64-67); (2) a Due Process Claim under the Fourteenth Amendment and Article 1 of the California Constitution (*id.* ¶¶ 68-69); and (3) a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, for gross negligence and failure to provide due care (*id.* ¶¶ 70-72). Although Plaintiff sought judicial review of the Secretary's final decision upholding Plaintiff's revocation of billing privileges in the initial Complaint (¶¶ 7-25) and the FAC (¶¶ 5-52), Plaintiff removed this claim from the SAC and recast the SAC as a complaint for damages, seeking nearly $3 million in alleged compensatory and punitive damages. *Id.* ¶ 77.

On November 6, 2015, Defendants filed a Motion to Dismiss Plaintiff's SAC pursuant to Rules 12(b)(1) and (6). Dkt. No. 20. The Court granted Defendants' Motion, but allowed Plaintiff leave to file a Third Amended Complaint under 42 U.S.C. § 405(g). MTD Order at 15-16.

On January 5, 2016, Plaintiff filed her TAC. Dkt. No. 36. Plaintiff does not invoke 42 U.S.C. § 405(g) as a basis for jurisdiction in her TAC. Instead, she asserts 28 U.S.C. § 1331 as the basis for the same due process claims which she had previously alleged in the SAC. Defendants now move to dismiss, arguing Plaintiff lacks the requisite property or liberty interest needed to state a procedural due process claim, as well as the fact that she was given a full de novo review by an Administrative Law Judge. Mot. at 2.

## DISCUSSION

As the Court finds Defendants' jurisdictional arguments persuasive, it turns to Rule 12(b)(1).

**A.  Legal Standard**

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, "[i]t

is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

## B. Application to the Case at Bar

The only jurisdictional basis alleged in Plaintiff's TAC—28 U.S.C. § 1331—was explicitly rejected in the Court's prior order dismissing Plaintiff's SAC as explained again below. *See* MTD Order at 15 ("Plaintiff's alleged jurisdictional bases of 28 U.S.C. § 1331, 28 U.S.C. § 1346, and 28 U.S.C. § 1332 all fail") (footnote omitted). Noticeably absent from the TAC is any allegation of jurisdiction pursuant to 42 U.S.C. § 405(g), a basis alleged in Plaintiff's prior complaints (FAC ¶ 1, SAC ¶ 8) and referenced by the Court when previously granting Plaintiff leave to file an amended complaint. *See* MTD Order at 16. Plaintiff states she did not include a reference to § 405(g) in the TAC as "[i]t was presumed the court already has jurisdiction," and she "had previously requested said judicial review under 405(g) in the original pleading." Opp'n at 3, Dkt. No. 41. As to § 1331, Plaintiff states she included it "for the Courts [sic] consideration because it appeared a critical distinction in the regulations may have been overlooked." *Id.* Plaintiff argues

4

"the instant case is premised on the alleged hearing violation, not the revocation, this is a critical distinction because this revocation is reviewable under 405(g) whereas the hearing violation invokes jurisdiction under 28 USC § 1331." *Id.* at 3-4.

While Plaintiff seeks to pursue a claim under 28 U.S.C. § 1331, the Court previously ruled § 1331 cannot confer subject matter jurisdiction over her claims. Specifically, the Court held that each of Plaintiff's alleged claims, including the same due process allegations advanced in the TAC, arise under the Medicare Act and are thus subject to the jurisdictional bar of 42 U.S.C. § 405(h), which designates 42 U.S.C. § 405(g) as the sole avenue for judicial review of such claims. MTD Order at 8-9 (discussing 42 U.S.C. §§ 405(g) & (h) (citing *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975) and *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1112 (9th Cir. 2003)); *see also id.* at 12-15 (concluding that each of Plaintiff's claims in the SAC arise under the Medicare Act and were subject to the jurisdictional bar).

In her TAC, Plaintiff seeks to recast her complaint as one related to the "non performance" of a lower-level administrative hearing as opposed to the "performance" of the revocation. Plaintiff alleges she "brings this Complaint related to the government maintaining termination of her agreement without a lawful hearing or provision for timely judicial review of that denial." TAC at 1.[2] She states she "has not contested the revocation," but instead alleges she did not receive "comprehensive statutory hearing rights," and "these rights are constitutionally protected." *Id.* at 1-2. Plaintiff alleges inadequate notice and other alleged errors at the initial level of administrative review (namely, what Plaintiff deems a "derelict and failed Reconsideration Hearing"). TAC at 5. But Plaintiff brought these same allegations in the SAC. *See* SAC ¶¶ 17-19, 26-29, 34-52. Plaintiff even quotes from the SAC in support of her allegations. *See* TAC at 5 ("'That therefore the only due process Plaintiff received prior to the taking of her property was a derelict and failed Reconsideration Hearing in which Plaintiff was to defend herself without adequate notice against charges not adequately described, without fair or reasonable opportunity to

---

[2] Plaintiff's TAC does not comply with Rule 10(b), which requires a party to state its claims or defenses in numbered paragraphs. Accordingly, the Court references Plaintiff's TAC by page number.

1    construct a meaningful defense.'" (quoting SAC ¶ 49)).  The Court already found such allegations

2    arise under the Medicare Act.  MTD Order at 11-12, 14-15 (referencing Plaintiff's contention that

3    "her claims lie outside the bounds of 42 U.S.C. § 405(h) based on the comp[l]ete failure to provide

4    Plaintiff a fair hearing," her "complaints regarding the adjudication of her appeal within the

5    administrative appeals system[,]" and "due process claims [that] appear to be based upon an

6    allegation that the Medicare contractor failed to meet its notification obligations" while holding

7    that each of Plaintiff's alleged claims "arise under" the Medicare Act. (citations and internal

8    quotations omitted)).

9          In support of her contention that jurisdiction exists under 28 U.S.C. § 1331, Plaintiff relies

10   on *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667 (1986).  TAC at 7-8.

11   However, *Michigan Academy* addresses situations where denial of jurisdiction pursuant to 28

12   U.S.C. § 1331 would amount to "no review at all."  *Id.* at 681 (holding that the "strong

13   presumption that Congress did not mean to prohibit all judicial review of executive action" had

14   not been surmounted (internal quotation marks omitted)).  Here, there is no danger that judicial

15   review will be foreclosed; as Defendants have acknowledged, and this Court has held, Plaintiff

16   exhausted her administrative remedies, and therefore acquired a statutorily-provided right to

17   judicial review pursuant to 42 U.S.C. § 405(g).  MTD Order at 16.  "[I]t is more plausible to read

18   *Michigan Academy* as holding that [42 U.S.C. § 1395 of the Medicare Act] does not apply §

19   405(h) where application of § 405(h) would not simply channel review through the agency, but

20   would mean no review at all."  *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 17

21   (2000).  *Illinois Council* is also instructive on this point.  In that case, an association of nursing

22   homes alleged certain regulations promulgated by the Secretary violated various federal statutes

23   and the Constitution.  *Id.* at 6.  The plaintiffs' attacks included the claim that the regulations

24   promulgated violated their due process rights under the Fifth Amendment.  *Id.*  The Court

25   concluded that § 405(h) barred the suit, saying that "§ 405(h) applies where 'both the standing and

26   the substantive basis for the presentation of a claim' is the . . . Medicare Act [.]"  *Id.* at 12 (quoting

*Heckler v. Ringer*, 466 U.S. 602, 615 (1984)).[3]

Thus, as before, the Court finds no basis for Plaintiff's assertion of jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff has thus failed to meet her burden of alleging a valid basis of jurisdiction for her claims, and Plaintiff's TAC must be dismissed pursuant to Rule 12(b)(1). *See Kokkonen*, 511 U.S. at 377. As such, the Court need not address Defendants' Rule 12(b)(6) arguments.

## CONCLUSION

Because the Medicare Act provides both the standing and substantive basis for each of Plaintiff's stated causes of action, they all "arise[] under" the Act and must be dismissed for lack of subject matter jurisdiction. 42 U.S.C. § 405(h). Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss. However, because Plaintiff exhausted her administrative remedies, she acquired a statutorily-provided right to judicial review of the revocation decision, pursuant to 42 U.S.C. § 405(g). Accordingly, the Court **GRANTS** Plaintiff leave to file a Fourth Amended Complaint by March 4, 2016. Plaintiff is advised that the Court is likely to dismiss without leave to amend any amended complaint that fails to comply with this Order and the previous MTD Order.

**IT IS SO ORDERED.**

Dated: February 5, 2016

MARIA-ELENA JAMES
United States Magistrate Judge

---

[3] Plaintiff lists several other cases without providing any analysis as to how they support her argument that her claim is proper under 28 U.S.C. § 1331. Opp'n at 9-10; TAC at 8. Nonetheless, having reviewed these cases, none of them establish that a plaintiff may sue in federal court under § 1331, thereby bypassing § 405(h) preclusion, where 42 U.S.C. § 405(g) provides the sole avenue for review of claims under the Medicare Act.